# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  Richard W. Johnson, Jr. : Chapter 11
and Alyse M. Johnson :
:
: Case No. 21-10054 [amc]
:
Debtors. :

## OBJECTION OF THE UNITED STATES ON BEHALF OF THE IRS TO CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION

THE UNITED STATES OF AMERICA, on behalf of its agency, the Internal Revenue Service (the "IRS"), objects to the confirmation of Debtors' Chapter 11 Plan of Reorganization based on the following:

1. Debtors filed a bankruptcy petition seeking relief under Chapter 11, Subchapter V on January 8, 2021.

2. The IRS has filed an amended proof of claim for $1,340,632.40 asserting a secured claim of $58,728.42, a priority claim of $535,543.25 (which includes an estimated claim of $176,000 for 2020), and an unsecured claim of $746,360.73, which amounts include pre-petition interest.

3. On April 7, 2021, Debtors filed a Motion to Approve Combined Disclosure Statement and Chapter 11 Plan of Reorganization (the "Plan"). The Plan at Section 3.03 estimates and understates the IRS' secured and priority claim as $450,000 ($55,000 secured and $395,000 priority), which it proposes to treat

as priority and pay in quarterly payments over five years with 3% annual interest beginning in approximately April 2022.

4. The Plan cannot be confirmed because Debtors have not filed their tax returns for tax year 2020, as required by 11 U.S.C. §§ 1106(a)(6),1107(a), 1112(b)(4)(I), 1129(a)(2), and therefore the IRS cannot know the exact amount of its claim.

5. Article 3.03 of the Plan does not pay the IRS's current $535,543.25 priority claim or its $58,728.42 secured claim in full as required by 11 U.S.C. §§ 1129(a)(9)(C), (D). In addition, Article 3.03 does not provide for regular payments as there is no fixed date for the payments to begin and they are only expected to begin in April 2022.

6. The Plan does not provide for retention of the IRS' liens until they are paid in full as required by 11 U.S.C. § 1129(b)(2)(A)(i)(I).

7. There is no default clause explaining the consequences of failure to make Plan payments as required by 11 U.S.C. § 1191(c)(3).

8. As noted by the United States Trustee: "Debtors' proposed plan calls for annual recurring stepped up payments to creditors based upon future projected income; however Debtors have not demonstrated their ability to achieve such future income projections, hence calling feasibility into question."

WHEREFORE, the United States respectfully requests that confirmation of the Plan be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


/s/ Assistant U.S. Attorney
Anthony St. Joseph for
Gregory B. David
Gregory B. David
Chief, Civil Division

/s/ Matthew E. K. Howatt
Matthew E. K. Howatt
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: 215-861-8335 (Howatt)
 215-861-8267 (St. Joseph)
Fax: 215-861-8618
Matthew.Howatt@usdoj.gov
Anthony.Stjoseph@usdoj.gov

Dated: May 26, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN to be served upon the following by electronically filing to the Bankruptcy Court on this date:

>David B. Smith
>Smith Kane Holman, LLC
>12 Moores Road, Suite 300
>Malvern, PA 19355
>dsmith@skhlaw.com
>*Counsel for the debtor*
>
>George M. Conway
>United States Trustee
>200 Chestnut Street, Suite 502
>US Customs House
>Philadelphia PA 19106

>/s/ Matthew E. K. Howatt
>Matthew E. K. Howatt
>Assistant United States Attorney

Dated: May 26, 2021