IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
Richard W. Johnson, Jr., and
Alyse M. Johnson,
      Debtors.

21-10054 (AMC)
Chapter 11

STIPULATION OF SETTLEMENT REGARDING
UNITED STATES' OBJECTION TO PLAN

This matter having been brought before the Court in an effort to achieve Confirmation of the Debtors' Chapter 11 Plan (the "Plan"), and the parties having resolved their issues regarding the United States' Objection to Confirmation of Debtor's Plan [Dkt. No. 50] (the "Objection to the Plan"), as stipulated below:

1. Debtors shall file all post-petition federal tax returns and pay all federal post-petition taxes as and when due. Unless a written modification of this provision or an extension to file federal taxes is granted by the Internal Revenue Service ("IRS"), failure to abide by this provision constitutes a default under this stipulation and the Plan.

2. The United States agrees to allow $182,200 of its Priority Tax Claim (as defined in the Plan, and inclusive of interest) to be paid outside of the Plan.

3. Said $182,200 is not forgiven and is exempt from discharge, and the IRS shall retain its lien(s) after discharge until the Debtors have paid the IRS Priority Tax Claim subject to said lien(s), at which point the IRS will mark the lien(s) satisfied.

4. Following completion of the Plan in December 2025, and beginning the last day of March 2026 and continuing at the last day of each quarter until the end of 2027, Debtors shall pay $22,775 to the IRS.

5. If, at any time, the Debtors default on the terms set out in this stipulation, upon written notice and failure to cure within 30 days of receipt of that notice, any remaining unpaid balance owing to the IRS becomes immediately due. Upon an uncured default, the IRS can begin ordinary course collection efforts on any remaining amounts due under this stipulation, including restarting the accrual of additional interest at the applicable rate.

6. If, at any time, the Debtors' bankruptcy case is dismissed because the Plan is not confirmed or Debtors do not receive a discharge (e.g., the case is dismissed because Debtors fail to make Plan payments), then this stipulation is void and the and the IRS can begin ordinary course collection efforts on any remaining amounts due under the Plan or this stipulation, including restarting the accrual of additional interest at the applicable rate.

7. This agreement may be executed in counterparts and an electronic signature shall be considered an original signature.

8. In the event of any conflict between this stipulation and the Plan, confirmation order, or discharge order in this case, this stipulation governs.

9. The United States withdraws its Objection to the Plan.

The parties hereby agree to be bound by the form and entry of this stipulation:

_____
David B. Smith
Attorney for the Debtors

MATTHEW HOWATT
Digitally signed by MATTHEW HOWATT
Date: 2022.08.02 15:01:51 -04'00'

_____
Matthew E. K. Howatt
Assistant United States Attorney

SO ORDERED BY THE COURT:

Dated: _____, 2022

_____
HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE